IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

SHERIE CUTURILO,            )
                            )
        Plaintiff,          )
                            )
    v.                      )   Civil No. 10-1723
                            )
JEFFERSON REGIONAL MEDICAL  )
CENTER,                     )
                            )
        Defendant.          )

MEMORANDUM OPINION

Mitchell, J.

Presently before the Court is Defendant's, Jefferson Regional Medical Center's ("Jefferson"), motion to dismiss the amended complaint (Doc. # 16) filed by Plaintiff, Sherie Cuturilo ("Cuturilo"). For the reasons that follow, the motion will be denied.

A. Factual and Procedural History

Cuturilo was employed by Jefferson as a registered nurse. She suffers from an unspecified health condition that requires ongoing medical treatment. During the acute phase of this ailment, Cuturilo cannot work for intermittent periods of time.

Cuturilo informed Jefferson management about her medical situation and requested leave under the Family and Medical Leave

1

Act of 1993, 29 U.S.C. § 2601-54("FMLA"). Jefferson approved FMLA leave on an intermittent basis for Cuturilo to treat her condition as needed.

Sometime in 2009, Jefferson permitted FMLA intermittent leave for Cuturilo when she experienced an acute episode of her disorder. On or about September 3, 2009, Cuturilo was cleared to return to work. A flair up of her condition occurred on or about February 18, 2010, necessitating a three-day absence from work. Cuturilo's physician reinstated intermittent FMLA leave as of February 18, 2010, allowing her to be excused from work for one to three days per episode. Jefferson approved reinstatement of the leave. Subsequent thereto, Cuturilo took intermittent leave on two more occasions. Cuturilo alleges that she received complaints from her co-workers and supervisors that her FMLA leave was having a detrimental effect upon them.

Cuturilo was fired on or about April 29, 2010. Jefferson informed her that she was terminated because she violated the medical facility's confidentiality policy and provisions of the Health Insurance Portability and Accountability Act of 1996 ("HIPAA") when she reviewed medical records of a relative being treated at Jefferson. Curturilo counters that the stated reason for her discharge was false because Jefferson was aware that she had been given permission

by the patient to review his records.

On March 29, 2011, Cuturilo filed an amended complaint alleging that she was terminated in retaliation for exercising her FMLA rights. She also advances a state law slander action, claiming that several of Jefferson's agents knowingly made false statements to other Jefferson employees concerning the reason for her discharge. On April 20, 2011, Jefferson filed a motion to dismiss under Fed.R.Civ.P. 12(b)(6), claiming that the amended complaint's allegations do not include facts from which it can be concluded that Cuturilo's termination was related to her FMLA leave.

B. Standard of Review

The United States Supreme Court opinions in Bell Atlantic Corporation v. Twombly, 550 U.S. 544 (2007), and, more recently in Ashcroft v. Iqbal, 129 S.Ct. 1937 (2009), have shifted pleading standards from simple notice pleading to a more heightened form of pleading, requiring a plaintiff to plead more than the possibility of relief to survive a motion to dismiss. The Supreme Court outlined a two-part analysis that courts should utilize when deciding a motion to dismiss for failure to state a claim. Fowler v. UPMC Shadyside, 578 F.3d 203, 210 (3d Cir. 2009). First, the factual and legal elements of a claim should be separated. In other words, while courts must accept all of the complaint's well-pleaded facts as true, they may

3

disregard any legal conclusions. Second, courts then decide whether the facts alleged in the complaint are sufficient to demonstrate that the plaintiff has a "plausible claim for relief." Iqbal, 129 S. Ct. at 1950. A claim is facially plausible when the plaintiff pleads facts that permit a court to draw a reasonable inference that the defendant could be liable for the malfeasance alleged. Id. at 1949. In determining if the standard has been met, courts should consider the specific nature of the claim presented and the facts pled to substantiate that claim. In re Insurance Brokerage Antitrust Litigation, 618 F. 3d 300, 320, n.18 (3d Cir. 2010).

    C.  Discussion

    1.  FMLA Retaliation

FMLA was enacted in 1993 to balance the demands of the employer's workplace with the needs of families and to "entitle employees to take reasonable leave for medical reasons." 29 U.S.C. § 2601(b)(1-2); Sommer v. The Vanguard Group, 461 F.3d 397, 398-99 (3d Cir. 2006). Section 2615(a)(1) of the Act makes it unlawful for an employer to interfere with, restrain, or deny an employee's exercise or attempt to exercise FMLA rights. Additionally, the Court of Appeals for the Third Circuit has recognized that employees who have been discharged or discriminated against in retaliation for taking FMLA leave have a claim under section 2615(a)(1) and 29 C.F.R. § 852.220(c).

Conoshenti v. Public Service Electric & Gas Company, 364 F.3d 135, 146 (3d Cir. 2004).

To prove FMLA retaliation, an employee must demonstrate that she took FMLA leave, and suffered an adverse employment decision that was causally related to the exercise of FMLA rights. Conoshenti, 364 F.3d at 146. The prima facie elements and burden shifting framework in McDonnell-Douglas Corporation v. Green, 411 U.S. 792 (1972) are used to analyze an FMLA retaliation case. Conoshenti, id. at 146-47. However, as the Supreme Court has explained, a McDonnell-Douglas prima facie case is an evidentiary standard and not a pleading requirement. Swierkiewicz v. Sorena N.A., 534 U.S. 506, 510 (2002). Accordingly, the burden-shifting analysis utilized in Conoshenti, a review of a summary judgment decision, is inappropriate to an initial evaluation of a plaintiff's complaint. See Cupps v. Pittsburgh Care Partnership Inc., Civil Action No. 10-1380, 2011 WL 284468, at *3 (W.D.Pa. January 26, 2011) (McDonnell-Douglas burden shifting framework not applied when motion to dismiss is filed).

The Third Circuit has articulated two primary factors relevant to establishing the requisite causal connection in a retaliation case: "timing and evidence of ongoing antagonism." Abramson v. William Patterson College of New Jersey, 260 F.3d 265, 288 (3d Cir. 2001). However, the appeals court has

expressed reluctance to infer a causal connection based solely on temporal proximity. Unless the timing is "unusually suggestive of a retaliatory motive," other evidence of a causal connection is required. <u>Williams v. Philadelphia Housing Authority Police Department</u>, 380 F.3d 751, 760 (3d Cir. 2004).

Jefferson argues that the pleaded information contraindicates a causal connection between Cuturilo's dismissal and the exercise of her FMLA rights. First, Jefferson recalls that it approved FMLA leave for Cuturilo on two or more occasions with no adverse consequences. Second, Jefferson contends that the plaintiff's discharge from employment, occurring more than two months after her FMLA leave, was occasioned by her impermissible review of medical records. Jefferson stresses that the passage of time between Cuturilo's exercise of FMLA rights and her termination is not the type of temporal proximity that raises her retaliation claim beyond the speculative level.

Jefferson's parsing of the complaint, however, is incomplete. First, Cuturilo claims that she took FMLA intermittent leave on two occasions after February 18, 2009. Am. Compl. ¶ 21. While she did not specify the dates of the leave, this factual assertion diminishes the forcefulness of Jefferson's argument that the time span between Cuturilo's FMLA

6

leave and her termination is not indicative of a retaliatory action.

Second, Cuturilo has purported that she received complaints that her FMLA was negatively affecting her co-workers and supervisors. While Jefferson discounts this allegation because of its lack of specificity, this other evidence of Jefferson's antagonistic attitude concerning plaintiff's FMLA leave suffices, at this stage, to permit the court to draw a reasonable inference that the Jefferson could be liable for the malfeasance alleged.

2. <u>Slander</u>

In count II, Cuturilo's alleges slander/defamation against Jefferson. To sustain a defamation claim under Pennsylvania law, the burden is on the plaintiff to show:

> (1) The defamatory character of the communication.
>
> (2) Its publication by the defendant.
>
> (3) Its application to the plaintiff.
>
> (4) The understanding by the recipient of its defamatory meaning.
>
> (5) The understanding by the recipient of it as intended to be applied to the plaintiff.
>
> (6) Special harm resulting to the plaintiff from its publication.
>
> (7) Abuse of a conditionally privileged occasion.

42 Pa.C.S. § 8343(a); Joseph v. Scranton Times, 959 A.2d 322, 335 (Pa. Super. 2008).

Cuturilo alleges that the stated reason for her dismissal, violations of Jefferson's confidentiality policy and HIPAA, was fabricated because the defendant was aware that she had the patient's permission to review his medical records. She further contends that several of Jefferson's agents nonetheless knowingly made false statements concerning the cause for her termination to other Jefferson employees on one or more occasions between April 2010 and June 28, 2010. Cuturilo avers that Jefferson had no valid business reason to discuss her dismissal with employees who had no reason to know the circumstances of her discharge.

Jefferson maintains that Cuturilo's slander claim is deficient in several respects. It first argues that Cuturilo has failed to identify both the content of the slanderous communication and to whom the defamatory statement was published. Jefferson also contends that it enjoys an absolute privilege to publish defamatory matter in notices of termination communicated to the employee, see Miketic v. Baron, 675 A.2d 324, 328-29 (Pa.Super. 1996) (Pennsylvania law recognizes absolute privilege of employers to publish defamatory statements in notices of termination sent to employee), and a conditional privilege that is present when the speaker and recipient share a

common interest in the subject matter and both are entitled to know the information. See Foster v. UPMC South Side Hospital, 2 A.3d 655, 664 (Pa.Super. 2010).

Jefferson is mistaken when it advocates application of Pennsylvania's stringent pleading standard that requires a plaintiff to identify the what, who, by whom, and to whom details of the defamatory statements and when it cites Ersek v. Township of Springfield, Delaware County, 822 F.Supp. 218 (E.D.Pa. 1993), in support.

In Rapid Circuits, Inc. v. Sun National Bank, Civil Action No. 10-6401, 2011 WL 1666919 (E.D.Pa. May 3, 2011), a case filed after Supreme Court opinions in Twombly and Iqbal, the court analyzed a motion to dismiss a defamation claim and held that:

> A federal court sitting in diversity applies the federal rules of civil procedure, even when enforcing the federal rule alters the mode of enforcing state-created rights. Therefore, Federal Rule of Civil Procedure 8(a), and not Pennsylvania law, provides the standard of specificity applicable to plaintiff's defamation claim. (Citations omitted). This standard of specificity requires a plaintiff to "allege facts which sufficiently set forth the substance of the alleged defamatory statements to give proper notice of plaintiff's claim to defendants." Turk v. Salisbury Behavioral Health, Inc., No. 09-6181, 2010 WL 1718268, at *4 (E.D.Pa. April 27, 2010).

Id. at *11. See also Tuman v. Genesis Associates, 935 F. Supp. 1375, 1391 (E.D.Pa. 1996)(defamation plaintiff not required to plead precise defamatory statements, nor name person who made statements so long as count provides sufficient notice to defendants); James v. Morgan, D.C. Civ.App.No. 2002/123, 2008 WL 5211408, at *2 (D.Virgin Islands 2008) (rejecting Pennsylvania's heightened pleading standards for defamation cases and noting abrogation of Ersek by Joyce v. Alti America, Inc., No. CIV.A. 00-5420, 2001 WL 1251489, at *2 (E.D.Pa. September 27, 2001).

Cuturilo has alleged that named agents of Jefferson repeated knowingly false statements concerning the reason for her termination to other Jefferson employees on at least one occasion. Am. Comp. ¶¶ 33, 39-41. She further contends that these false statements have caused irreparable harm to her reputation and her ability to make a living in her profession. Id. at ¶ 67. These allegations set forth the elements of a defamation claim with sufficient detail to survive a motion to dismiss.[1]

---

[1] It is noted that even Pennsylvania's stricter pleading standard does not require the plaintiff to specifically name the individuals to whom the defamatory statements were uttered to survive a motion to dismiss. See Petula v. Mellody, 588 A.2d 103, 107 (Pa. Cmwlth. 1991)(complaint identifying third parties to whom defamatory statements were allegedly communicated as "representatives and board members" sufficient to overrule preliminary objection in nature of demurrer).

The Court likewise rejects defendant's argument that plaintiff's defamation claim should be dismissed on the basis of privilege. First, Cuturilo does not complain that defamation occurred when she was told why she was dismissed from employment. Therefore, a discussion of absolute privilege is unwarranted. Second, the amended complaint states that Cuturilo's alleged violation of Jefferson's confidentiality policy and the HIPAA statute was the defendant's stated reason for her termination. If that reason had been communicated only to authorized parties entitled to know the information, then the statement would be privileged. Cuturilo asserts, however, that Jefferson published the statement to unauthorized parties which, if proven, would overcome the privilege and meet the publication element. Thus, for purposes a motion to dismiss, the claim that Jefferson uttered defamatory statements about Cuturilo to individuals with no need to know is sufficient to state a slander claim upon which relief may plausibly be granted.

For the reasons stated, Jefferson's motion to dismiss the amended complaint (Doc. # 16) will be denied.

An appropriate order follows.

Dated: July 20, 2011                    s/Robert C. Mitchell
                                        Robert C. Mitchell
                                        U.S. Magistrate Judge