```
            IN THE UNITED STATES DISTRICT COURT
          FOR THE WESTERN DISTRICT OF PENNSYLVANIA


SHERIE CUTURILO,                )
                                )
          Plaintiff,            )
                                )
     v.                         )   Civil No. 10-1723
                                )
JEFFERSON REGIONAL MEDICAL      )
CENTER,                         )
                                )
          Defendant.            )
```

MEMORANDUM OPINION & ORDER

Mitchell, J.

Presently before the Court is the Parties' Amended Joint Motion to Seal the Case, or, alternatively, to either Seal Certain Documents or Redact Certain Documents (Doc. # 41). For the reasons that follow, the motion will be denied.

Plaintiff, Sherie Cuturilo ("Cuturilo") filed suit against Jefferson Regional Medical Center, ("defendant"), her former employer, on December 22, 2010 alleging violations of the Family and Medical Leave Act of 1993, 29 U.S.C. § 2601-54("FMLA") and a state law slander action. After being advised by the parties that a settlement had been reached in the matter, the Court administratively closed the case on December 7, 2011.

On January 10, 2012, the parties filed a joint motion to seal the case. The Court denied the motion, explaining that the

parties had not identified sufficient cause to justify sealing the case, but afforded them the opportunity to file an amended motion (Doc. # 37).  On February 7, 2012, the parties filed an amended joint motion to seal the case, or, in the first alternative, to seal certain case documents, or, in the second alternative, to redact specified case documents.

There is a presumption of access to judicial records. In re Cendant Corporation, 260 F.3d 183, 192 (3d Cir. 2001).  A party seeking to override the right to public access:

> 'bears the burden of showing that the material is the kind of information that courts will protect' and that 'disclosure will work a clearly defined and serious injury to the party seeking closure.' Miller v. Indiana Hospital, 16 F.3d 549, 551 (3d Cir. 1994). In delineating the injury to be prevented, specificity is essential. Broad allegations of harm, bereft of specific examples or articulated reasoning, are insufficient. As is often the case when there are conflicting interests, a balancing process is contemplated. '[T]he strong common law presumption of access must be balanced against the factors militating against access. The burden is on the party who seeks to overcome the presumption of access to show that the interest in secrecy outweighs the presumption.'

In re Cendant, 260 F.3d at 194 (internal citations and quotations omitted).

Cuturilo contends that public disclosure of her

2

medical information and the fact that she filed a medical health-related claim against her former employer will likely have a chilling effect on her ability to find new employment. She also claims that she will possibly suffer great embarrassment if the public can access her medical information.

Cuturilo has not established that her need for secrecy outweighs the presumption in favor of access.  First, the cases she cites supporting sealing involved matters where the specified case documents included actual medical records, see Eugene S. v. Horizon Blue Cross Blue Shield of New Jersey, 663 F.3d 1124, 1136 (10th Cir. 2011), In re Zyprexa Injunction, 474 F. Supp. 2d 385, 394 (E.D.N.Y. 2007), and Abbey v. Hawaii Employers Mutual Insurance Company (HEMIC), 760 F.Supp. 2d 1005, 1013 (D. Haw. 2010), or, where the documents sealed were not described with particularity, see Lombardi v. TriWest Healthcare Alliance Corporation, NO. CV-08-02381-PHX-FJM, 2009 WL 1212170, at *1 (D. Ariz. May 4, 2009).

In contrast, here, the complained-of pleadings do not specifically reference plaintiff's medical condition and her medical records are not included in any of the filings.  The documents, instead, resemble garden variety filings common to any FMLA lawsuit.  As to Cuturilo's claim that certain documents impugn her personal reputation in the nursing field, her anxiety in this regard is no different from the concern any

3

employee would have when they are terminated and then sues their employer. Additionally, Cuturilo does not present any specific evidence that she has experienced any problems seeking employment or that she has suffered any particularized embarrassment.

Cuturilo also requests that, in lieu of sealing, the statements she identifies as confidential and/or damaging be redacted. Plaintiff refers to Fed. R. Civ. P 5.2(e) which provides:

> Rule 5.2. Privacy Protection For Filings Made with the Court
>
> (e) Protective Orders. For good cause, the court may by order in a case:
>
> (1) require redaction of additional information; or
>
> (2) limit or prohibit a nonparty's remote electronic access to a document filed with the court

The Court initially questions the applicability of this Rule, which pertains to protective orders, at this stage of the proceedings. In any event, the Comment to the Rule reads:

> Subdivision (e) provides that the court can by order in a particular case for good cause require more extensive redaction than otherwise required by the Rule. Nothing in this subdivision is intended to affect the limitations on sealing that are otherwise applicable to the court.

4

Thus, the redaction rule does not trump the disfavoring of restricted access.

In sum, when weighed against the significant public interest in access to judicial records, Cuturilo has made an insignificant showing of potential harm to her privacy interests. She has thus failed to meet her burden of justifying the sealing of the judicial record, in whole or in part, or redaction of the case documents.

AND NOW, this 23rd day of February, 2012, for the reasons set forth above, IT IS HEREBY ORDERED that the Joint Motion to Seal/Redact the Record (Doc. # 41) is DENIED.

<u>s/Robert C. Mitchell</u>

Robert C. Mitchell
United States Magistrate Judge